IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAHARRAH DAVIS
2025 North 25th Street
Philadelphia, PA 19121            :  Civil Action No.

    vs.

RITE AID CORPORATION              :  JURY TRIAL DEMANDED
30 Hunter Lane
Camp Hill, PA 17011

**COMPLAINT**

Plaintiff, Jaharrah Davis (hereinafter the "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues the Rite Aid Corporation for injunctive relief, attorney's fees, litigation expenses and costs pursuant to 42 U.S.C. §§ 12181 et seq. and 42 U.S.C. §§ 12131 et seq., respectively, ("Americans with Disabilities Act" or "ADA"), and in support thereof alleges the following.

**Jurisdiction and Venue**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. (hereinafter referred to as the "ADA"). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. § 1343 for Plaintiff's claims arising under the ADA, 42 U.S.C. § 1201, et seq. and 42 U.S.C. § 12132, et seq..

2. Venue is proper in the Eastern District of Pennsylvania

pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred in the Eastern District of Pennsylvania.

**Parties**

3. At all times relevant hereto, Plaintiff, Jaharrah Davis, was residing at 2025 North 25th Street, Philadelphia, Pennsylvania 19121. At times relevant hereto, Plaintiff suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990. More specifically, at all times relevant hereto, she was an individual diagnosed with a seizure disorder.

4. Defendant, Rite Aid Corporation, is a corporation. At all times relevant hereto, Defendant, Rite Aid Corporation, employed all of the individuals who were responsible for the deprivation of Plaintiff's rights under the Americans with Disability Act and were all acting in the course and scope of their employment.

**Factual Allegations**

5. At all times relevant hereto, Plaintiff suffered from a "qualified disability" as that term is defined under the Americans with Disabilities Act of 1990. More specifically, Plaintiff has been diagnosed with a seizure disorder. She has been under the care of a physician for that disorder for many years prior to the events in question more fully described hereinafter.

6. In 2015, her treating physician recommended that Plaintiff utilize the services of a Service Dog with said Service Dog being

trained to alert the Plaintiff whenever she was about to have a seizure. The Service Dog was also trained to be able to react whenever Plaintiff's blood pressure or sugar became low which would be an indication that Plaintiff may be about to experience a seizure.

7. At her treating physician's recommendation Plaintiff obtained a trained Service Dog specifically trained to perform the tasks mentioned in the preceding paragraph.

8. On or about October 4, 2018 at or about 7:30 p.m. Plaintiff, Jaharra Davis, entered a Rite Aid Pharmacy located at 12th and Girard. That Rite Aid Pharmacy was owned, maintained, controlled by Defendant, Rite Aid Corporation.

9. Plaintiff went into the Rite Aid Pharmacy to buy baby formula.

10. Plaintiff approached an individual named Ida, who at all times relevant hereto was an employee of Defendant, Rite Aid Corporation, acting in the scope of her authority. Plaintiff asked Ida where she could find baby formula. At the time and place mentioned in the preceding paragraph Plaintiff was accompanied by her Service Dog. When Ida observed the Service Dog, she told Plaintiff that she would not help her to get the baby formula and instead demanded that Plaintiff leave the store because she was accompanied by a dog.

11. Plaintiff explained to Ida that she was being accompanied

by a Service Dog and pursuant to the terms of the Americans with Disabilities Act she could not be denied service. Ida replied to this explanation by saying "Only blind people have a service dog" and once again ordered Plaintiff to leave the Rite Aid Pharmacy.

12. On November 9, 2018 Plaintiff again visited the same Rite Aid Pharmacy located at 12th and Girard in the City of Philadelphia. She once again went to get baby formula and once again was accompanied by her Service Dog.

13. Plaintiff took the baby formula to a cash register. She was met by an individual named Val, an employee of Rite Aid Corporation acting in the course and scope of her authority.

14. Val, upon seeing that Plaintiff was accompanied by a dog told her "I am not serving you because you have a dog."

15. Plaintiff once again explained that the dog accompanying her was a Service Dog and that Plaintiff could not be denied service under the terms of the Americans with Disabilities Act. Plaintiff further asked to see a manager. The individual named Val replied "I am the manager. You have to leave."

16. The Americans with Disabilities Act applies to the above mentioned Rite Aid Pharmacy because it is a public entity as defined in Title III of the ADA, 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104. The dog which accompanied Plaintiff at the time of the above referred incident was a service animal as defined by the Americans with Disabilities Act 28 C.F.R. § 36.104.

17. Upon information and belief, the Defendant, Rite Aid Corporation, had provided no training to any of its employees, acting in the course and scope of their authority, regarding the provisions of the ADA and specifically had provided no training regarding the right of a citizen to bring a service dog into a Rite Aid Pharmacy and/or any Rite Aid store.

18. The Defendant, Rite Aid Corporation, failed to make reasonable modifications to its policies, practices and procedures to ensure that Plaintiff's needs as an individual with a disability would be met.

19. The Defendant Rite Aid Corporation's employees, acting in the course and scope of their authority, knew that Plaintiff was an individual with a disability.

20. The consequences of the Defendant Rite Aid Corporation's failure to train their employees with regards to the requirements of the ADA is so patently obvious that Rite Aid Corporation can be liable without proof of any pattern of violations of the ADA.

21. As a result of the actions of the Defendant's employees as aforesaid and the actions and failure to act of the Defendant, Rite Aid Corporation, Plaintiff was subjected to discrimination by the Rite Aid Pharmacy and its employees by reason of her disability. In that as a direct result of the actions of the Defendant and its employees, acting in the course and scope of their authority, herein she was caused to be deprived of the

services, programs or activities of a public entity.

22. The failure of the Defendant, Rite Aid Corporation, to train its employees concerning the requirements of the ADA led directly to the denial of accommodation and to the improper discrimination against Plaintiff.

23. Plaintiff is entitled to compensatory damages from Rite Aid Corporation under the ADA because the conduct of the Rite Aid Corporation and Defendant's employees amounted to intentional discrimination against the Plaintiff.

24. The Defendant, Rite Aid Corporation, had knowledge that failing to train their employees with regards to the mandates of the ADA that it was substantially likely that the rights of citizens such as the Plaintiff would be violated and, despite this knowledge the Defendant, Rite Aid Corporation, failed to act.

25. According to data released by the United States Census Bureau, as of May 28, 2015 more than 56.7 million people in the United States had a recognized disability. More specifically, people with disabilities represented 19% of the civilian non-institutionalized population.

### COUNT I.   VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT BY THE DEFENDANTS

26. Title III of the American with Disabilities Act prohibits discrimination against people with disabilities in public entities. Public entities such as the Rite Aid Corporation and/or Rite Aid Pharmacies and/or Rite Aid stores and their employees must comply

with all of the requirements of Title III of the ADA.

27. The Defendant, by and through its agents, servants, workmen and/or employees acting in the scope of their employment and authority and acting on the business for same, have discriminated and continue to discriminate against the Plaintiff and others who are similarly situated by discriminating against people with disabilities in public entities.

28. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991 the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

**Attorney's Fees and Costs**

29. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to the ADA.

**Injunctive Relief for Title III Violations of ADA**

30. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Defendant's policies, practices and/or procedures by stopping the practice of discriminating against

persons with disabilities.

WHEREFORE, Plaintiff, Jaharrah Davis, requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Such other relief as appears reasonable and just; and

    d. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 689-2803 - fax
Email: pgeckle@pgglaw.com

Counsel for Plaintiff